FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

06 JAN 26 PM 12: 29

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

GROFF CONSTRUCTION, INC.,     CASE NO.:
a Florida corporation,

     Plaintiff,

2:06-cv-57-FtM-29DNF

vs.

AMERICAN PRIDE BUILDING COMPANY,
LLC, a Florida limited liability company;
AMERICAN PRIDE BUILDING CO, LLC, a
Florida limited liability company; AMERICAN
PRIDE BUILDER, LLC, a Florida limited liability
company; STEPHEN A. HUMFLEET, an individual;
DAWN M. HUMFLEET, an individual; SAL
ALLEN, an individual; FLEET LENDING GROUP,
INC., a Florida corporation; H & B TITLE GROUP OF
FLORIDA, INC., a Florida corporation; STEPHEN
ALLAN HUMFLEET, P.A., a Florida professional
association; XYZ CORPORATION(S); JOHN DOE(S);
and JANE DOE(S),

     Defendants.
_____/

## VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION; INJUNCTIVE RELIEF REQUESTED

Plaintiff, GROFF CONSTRUCTION, INC., a Florida corporation, hereby files this complaint against Defendants AMERICAN PRIDE BUILDING COMPANY, LLC, a Florida limited liability company; AMERICAN PRIDE BUILDING CO, LLC, a Florida limited liability company; AMERICAN PRIDE BUILDER, LLC, a Florida limited liability company; STEPHEN A. HUMFLEET, an individual; DAWN M. HUMFLEET, an individual; SAL ALLAN, an individual; FLEET LENDING GROUP, INC., a Florida corporation; H & B TITLE GROUP OF FLORIDA, INC., a Florida corporation; STEPHEN ALLEN HUMFLEET, P.A., a Florida professional association; and various XYZ CORPORATION(S); JOHN DOE(S); and JANE DOE(S), and alleges:

## PARTIES

1. Plaintiff GROFF CONSTRUCTION, INC. ("**GROFF**") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 6728 Willow Lake Circle, Fort Myers, Florida 33912.

2. Defendant **AMERICAN PRIDE BUILDING COMPANY, LLC** (sometimes referred to collectively with other American Pride Defendants as "**AMERICAN PRIDE**") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 12734 Kenwood Lane, Suite 85, Fort Myers, Florida 33907 and doing business under the unregistered fictitious name AMERICAN PRIDE BUILDING COMPANY.

3. Defendant **AMERICAN PRIDE BUILDING CO, LLC** (sometimes referred to collectively with other American Pride Defendants as "**AMERICAN PRIDE**") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 12734 Kenwood Lane, Suite 85, Fort Myers, Florida 33907 and doing business under the unregistered fictitious name AMERICAN PRIDE BUILDING COMPANY.

4. Defendant **AMERICAN PRIDE BUILDER, LLC** (sometimes referred to collectively with other American Pride Defendants as "**AMERICAN PRIDE**") is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at 12734 Kenwood Lane, Suite 69-72, Fort Myers, Florida 33907.

5. Defendant STEPHEN A. HUMFLEET ("**S. HUMFLEET**") is an individual who is listed with the Secretary of State as the Registered Agent of Defendant **STEPHEN ALLEN HUMFLEET, P.A.** at the address of 6249 Presidential Court, C, Fort Myers, Florida 33919. Defendant **S. HUMFLEET** is a director of Corporate Defendant **H & B TITLE GROUP OF FLORIDA, INC.** and, upon information and belief, controls and directs the operation of the Corporate Defendant **H & B TITLE GROUP OF FLORIDA, INC.** and is president of Corporate Defendant **STEPHEN ALLEN HUMFLEET, P.A.** and, upon information and belief, controls and directs the operation of the Corporate Defendant **STEPHEN ALLEN HUMFLEET, P.A.**.

6. Defendant DAWN M. HUMFLEET ("D. HUMFLEET") is an individual who is listed with the Secretary of State as the Registered Agent of Corporate Defendants **FLEET LENDING GROUP, INC.** at the address of 6249 Presidential Court, Suite C, Fort Myers, Florida 33919 and **H & B TITLE GROUP OF FLORIDA, INC.** at the address of 1140 Lee Boulevard, 105, Lehigh Acres, Florida 33936. Defendant **D. HUMFLEET** is president of Corporate Defendant **FLEET LENDING GROUP, INC.** and, upon information and belief, controls and directs the operation of the Corporate Defendant **FLEET LENDING GROUP, INC.**; is a director of Corporate Defendant **H & B TITLE GROUP OF FLORIDA, INC.** and, upon information and belief, controls and directs the operation of the Corporate Defendant **H & B TITLE GROUP OF FLORIDA, INC.**; and is vice president of Corporate Defendant **STEPHEN ALLEN HUMFLEET, P.A.** and, upon information and belief, controls and directs the operation of the Corporate Defendant **STEPHEN ALLEN HUMFLEET, P.A.**.

7. Defendant SAL ALLAN ("S. ALLAN") is an individual who is listed with the Secretary of State as a managing member of Corporate Defendant **AMERICAN PRIDE BUILDING COMPANY, LLC** and, upon information and belief, controls and directs the operation of the Corporate Defendant **AMERICAN PRIDE BUILDING COMPANY, LLC**; a managing member of Corporate Defendant **AMERICAN PRIDE BUILDING CO, LLC** and, upon information and belief, controls and directs the operation of the Corporate Defendant **AMERICAN PRIDE BUILDING CO, LLC**; and a managing member of Corporate Defendant **AMERICAN PRIDE BUILDER, LLC** and, upon information and belief, controls and directs the operation of the Corporate Defendant **AMERICAN PRIDE BUILDER, LLC**.

8. Defendant **FLEET LENDING GROUP, INC.** ("FLEET LENDING") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 6249 Presidential Court, Suite C, Fort Myers, Florida 33919.

9. Defendant **H & B TITLE GROUP OF FLORIDA, INC.** ("H & B TITLE") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 1140 Lee Boulevard, 105, Lehigh Acres, Florida 33936.

10. Defendant **STEPHEN ALLEN HUMFLEET, P.A.** is a professional association organized and existing under the laws of the State of Florida with its principal place of business at 6249 Presidential Court, C, Fort Myers, Florida 33919.

11. Defendant **XYZ CORPORATION(S)** includes other various corporation(s) which Plaintiff **GROFF** may have a claim of copyright infringement and/or unfair competition but the exact names and whereabouts of such are unknown at this time, but Plaintiff **GROFF** reserves the right to join such entities at that time.

12. Defendant **JOHN DOE(S)** includes various other individual(s) which Plaintiff **GROFF** may have a claim of copyright infringement and/or unfair competition but the exact names and whereabouts of such are unknown at this time, but Plaintiff **GROFF** reserves the right to join such entities at that time.

13. Defendant **JANE DOE(S)** includes various other individual(s) which Plaintiff **GROFF** may have a claim of copyright infringement and/or unfair competition but the exact names and whereabouts of such are unknown at this time, but Plaintiff **GROFF** reserves the right to join such entities at that time.

## JURISDICTION

14. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 *U.S.C.* §§ 101, *et seq.*, and federal and common law unfair competition. This court has jurisdiction pursuant to 15 *U.S.C.* § 1121, 28 *U.S.C.* §§ 1331, 1338(a) and 1538(b).

## VENUE

15. Defendants' acts of infringement as alleged herein have occurred within the venue of the Fort Myers Division of the Federal District Court and, therefore, venue is proper in this district pursuant to 28 *U.S.C.* §§ 1391 and 1400(a).

## STATEMENT OF FACTS

16. Plaintiff **GROFF** is in the business of designing and constructing homes and buildings and has been doing so in Lee County, particularly Lehigh Acres, for approximately sixteen (16) years.

17. In 1996, Plaintiff **GROFF** created a residential building design known as "The Cayman Model" which was first used in building a model home located at 5002 Lee Boulevard, Lehigh Acres, Florida 33971 in 2001. A copy of the Cayman Model plans used for the model are attached hereto as EXHIBIT A (hereinafter "The Cayman Model").

18. Plaintiff **GROFF** applied for and received a copyright registration for The Cayman Model. A copy of the registration for The Cayman Model, #VAu389-902 dated May 22, 1996 is attached hereto as EXHIBIT B.

19. Plaintiff **GROFF** used the model home located 5002 Lee Boulevard as a principal place of business for its selling and marketing homes, including The Cayman Model.

20. In addition to using the Cayman Model located at 5002 Lee Boulevard as a principal place of business for selling and marketing homes, Plaintiff **GROFF** advertised The Cayman Model building design in numerous flyers and brochures.

21. The Cayman Model became very popular amongst consumers.

22. On or about September 19, 2001, Plaintiff **GROFF** sold the building located at 5002 Lee Boulevard to Adams Homes of NW Florida Inc..

23. Upon information and belief, Adams Homes of NW Florida Inc. used the building located at 5002 Lee Boulevard as a location for selling buildings designed by Adams Homes.

24. Upon information and belief, on or about January 14, 2003 Adams Homes of NW Florida Inc. sold the building located at 5002 Lee Boulevard, Lehigh Acres, Florida 33971 to Defendant **S. HUMFLEET**.

25. In early 2003, Plaintiff **GROFF** met with Defendants **S. HUMFLEET** and **D. HUMFLEET** to discuss a business venture wherein Plaintiff **GROFF** would build The Cayman Model and Defendants **S. HUMFLEET** and **D. HUMFLEET** would provide sales and financing within The Cayman Model home located at 5002 Lee Boulevard.

26. Financing would be provided within The Cayman Model home located at 5002 Lee Boulevard through Defendant **D. HUMFLEET**.

27. Defendants **S. HUMFLEET** and **D. HUMFLEET** were added as officers of Plaintiff **GROFF** only to allow Defendants **S. HUMFLEET** and **D. HUMFLEET** to be able to sign documents on behalf of the corporation.

28. The business venture proved successful as approximately 150 homes were sold with The Cayman Model being by far the most popular.

29. The Cayman Model proved to be so successful that Plaintiff **GROFF** created another residential building design known as "The Cayman III" which was first used in building a home in 2004. A copy of The Cayman III floor plans used for the home are attached hereto as EXHIBIT C (hereinafter "The Cayman III").

30. Plaintiff **GROFF** applied for and received a copyright registration for The Cayman III. A copy of the registration for The Cayman III, #VAu621-636 dated November 3, 2004 is attached hereto as EXHIBIT D.

31. Along with flyers for The Cayman Model, flyers for The Cayman III were located within the building located at 5002 Lee Boulevard. Said flyers are marked with the copyright symbol "©" and Plaintiff **GROFF**'s name.

32. The business venture between Defendants **S. HUMFLEET** and **D. HUMFLEET** and Plaintiff **GROFF** was so successful that a large amount of loans for the construction of homes were obtained in the name of Plaintiff **GROFF**.

33. In the September or October 2004, Defendants **S. HUMFLEET** and **D. HUMFLEET** ceased working for Plaintiff **GROFF**.

34. Defendants **S. HUMFLEET** and **D. HUMFLEET** informed Plaintiff **GROFF** that because Plaintiff **GROFF** could no longer obtain loans to build additional homes until the homes currently under construction were completed, Defendants **S. HUMFLEET** and **D. HUMFLEET** would no longer sell homes for construction by Plaintiff **GROFF**. Also at that time, Defendants **S. HUMFLEET** and **D. HUMFLEET** informed Plaintiff **GROFF** that they were either going to find another builder or shut down their business entirely.

35. When Defendants ceased employment with Plaintiff **GROFF**, Plaintiff **GROFF** warned Defendant **S. HUMFLEET** that although he may be tempted to build The Cayman Model and The Cayman III, Defendant **S. HUMFLEET** should not as Plaintiff **GROFF** owned the copyrights thereto.

36. Plaintiff **GROFF** continued to build The Cayman Model and The Cayman III (hereinafter collectively referred to as the "Copyrighted Works") after the departure of **S. HUMFLEET** and **D. HUMFLEET** and continues to build The Cayman Model and The Cayman III to the present day.

37. Defendant **AMERICAN PRIDE BUILDING COMPANY LLC** began advertising and marketing model homes entitled "The Pioneer House I" and "The Pioneer House II" (hereinafter collectively referred to as the "Infringing Works") sometime after the Defendants **S. HUMFLEET** and **D. HUMFLEET** ceased employment for Plaintiff **GROFF**.

38. Flyers for "The Pioneer House I" and "The Pioneer House II" were located within The Cayman Model home located at 5002 Lee Boulevard. These flyers are attached hereto as EXHIBIT E and EXHIBIT F, respectively.

39. Attached to the flyers for "The Pioneer House I" and "The Pioneer House II" were business cards for Defendant **FLEET LENDING GROUP, INC.** with Defendant **D. HUMFLEET**'s name located thereon and Defendant **AMERICAN PRIDE BUILDING COMPANY, LLC**. A photocopy showing the business cards attached to a flyer for The Pioneer I is attached hereto as EXHIBIT G.

40. On or about November 9, 2004, Defendant **S. HUMFLEET** sold The Cayman Model home located at 5002 Lee Boulevard, Lehigh Acres, Florida 33971 to Defendant **FLEET LENDING GROUP, INC.**, which is the current owner of record.

41. Based on information and belief, Plaintiff **GROFF** has learned that Defendant **AMERICAN PRIDE BUILDING COMPANY, LLC** has built or plans to build a substantial number of homes using The Pioneer House I and The Pioneer House II models, each of which infringe Plaintiff **GROFF**'s copyrights for The Cayman Model and The Cayman III.

## COUNT I
### (Copyright Infringement)

42. Plaintiff **GROFF** realleges and incorporates by reference paragraphs 1-41 above as though fully set forth herein.

43. Defendants' Infringing Works are identical or substantially similar to Plaintiff **GROFF**'s Copyrighted Works.

44. Defendants have published the Infringing Works without right, license or authority to do so from Plaintiff **GROFF**.

45. Prior to Defendants' publication of the accused works, Defendants had access to Plaintiff **GROFF**'s copyrighted works which Defendants copied.

46. Defendants have secured economic benefits from the use and publication of the Infringing Works which Defendants willfully and knowingly copied for the purpose of financial gain.

47. By the acts alleged above, Defendants have infringed and continue to infringe Plaintiff **GROFF**'s Copyrighted Works by copying and publishing, *i.e.*, advertising and constructing homes, using Plaintiff **GROFF**'s Copyright Works.

48. Pursuant to 17 *U.S.C.* § 502, Plaintiff **GROFF** is entitled to injunctive relief restraining Defendants, their offices, agents, employees and all persons acting in concert with them from engaging in further such action in violation of the Copyright Laws 17 *U.S.C.* § 101 *et seq.*.

49. Pursuant to 17 *U.S.C.* § 503, Plaintiff **GROFF** is entitled to seizure and impounding by the Court of all copies made or used in violation of Plaintiff **GROFF**'s exclusive rights to The Cayman and The Cayman III.

50. Pursuant to 17 *U.S.C.* § 504(b), Plaintiff **GROFF** is entitled to all damages sustained as a result of Defendants' infringement of Plaintiff **GROFF**'s copyrights and all profits resulting from said infringement.

51. Pursuant to 17 *U.S.C.* § 504©)(2), if applicable, Plaintiff **GROFF** is entitled to an award of statutory damages.

52. Pursuant to 17 *U.S.C.* § 505, as is applicable, Plaintiff **GROFF** is entitled to recover costs and reasonable attorneys' fees incurred in this action.

## COUNT II
(Unfair Competition)

53. Plaintiff **GROFF** realleges and incorporates by reference paragraphs 1-52 above as though fully set forth herein.

54. The actions of Defendants as outlined in Count I above constitutes unfair competition both under the common law for Florida as well as federal law.

55. Defendants have profited and have been unjustly enriched by their unfair competition, which has resulted in damage to Plaintiff **GROFF**.

56. The wrongful actions of the Defendants will continue to result in damages to Plaintiff **GROFF**, deprive Plaintiff **GROFF** of profits from the building of homes and cause immediate irreparable harm to Plaintiff **GROFF**'s goodwill.

57. Upon information and belief, the unfair competition by Defendants was engaged in by them willfully, wantonly and maliciously with full knowledge of the rights of Plaintiff **GROFF** with intent to damage Plaintiff **GROFF**.

WHEREFORE, Plaintiff **GROFF CONSTRUCTION, INC.** Requests this Honorable Court grant the following relief:

A. That Defendants, their agents, servants, officers, directors, employees and all other persons in active or in concert participation with them be preliminarily and permanently enjoined from, directly or indirectly, infringing Plaintiff **GROFF**'s copyrights;

B. That a judgment be entered in favor of Plaintiff **GROFF** against Defendants for Plaintiff **GROFF**'s actual damages and for an amount equal to the total of Defendants' profits due to Defendants' infringement of Plaintiff **GROFF**'s copyrights;

C. That, alternatively if elected by Plaintiff, a judgment be entered in favor of Plaintiff **GROFF** against Defendants for statutory damages, as may be applicable, for Defendants' willful acts of copyright infringement up to a sum of One Hundred Fifty Thousand and No/100 Dollars ($150,000.00) per work;

D. That a judgment be entered in favor of Plaintiff **GROFF** against Defendants for all damages sustained by Plaintiff **GROFF** as a consequence of Defendants' unfair competition, including exemplary damages;

E. That Plaintiff **GROFF** be awarded reasonable attorneys' fees to which it may be entitled and the costs of this action; and

F. Such other and further relief as this Court deems just and equitable.

By: _____
Edward M. Livingston, Esq.
Florida Bar No.: 251879

Angela M. Miller, Esq.
Florida Bar No.: 716871

The Livingston Firm
963 Trail Terrace Drive
Naples, FL 34103
(239) 262-8502
(239) 261-3773 (fax)
Attorneys for Plaintiff GROFF CONSTRUCTION, INC.

ATTACHMENTS:

EXHIBIT A: Cayman Model plans

EXHIBIT B: Registration for The Cayman Model, #VAu389-902 dated May 22, 1996

EXHIBIT C: The Cayman III plans

EXHIBIT D: Registration for The Cayman III, #VAu621-636 dated November 3, 2004

EXHIBIT E: Flyer for "The Pioneer House I"

EXHIBIT F: Flyer for "The Pioneer House II"

EXHIBIT G: Photocopy showing the business cards attached to a flyer for The Pioneer I

## VERIFICATION

STATE OF FLORIDA     )
COUNTY OF COLLIER    )

    I, **MICHAEL J. GROFF**, being duly sworn, depose and say:

1. I am the president of **GROFF CONSTRUCTION, INC.**, a Florida corporation, Plaintiff in the above-styled action.

2. I have reviewed the VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AND UNFAIR COMPETITION; INJUNCTIVE RELIEF REQUESTED in the captioned matter and verily believe the information is true and correct, except where stated as being upon information and belief and, as to those allegations, likewise verily believe that the information is true and correct.

FURTHER AFFIANT SAITH NOT.

_____
MICHAEL J. GROFF

Sworn to and subscribed before me
this 19th day of January, 2006.

_____
Notary Public
My Commission Expires: Nov 3, 2008

ANGELA M. MILLER
MY COMMISSION #DD368345
EXPIRES: NOV 03, 2008
Bonded through 1st State Insurance

__X__ Personally Known to Me; or
_____ Produced _____ as identification