UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

GROFF CONSTRUCTION, INC.,

                Plaintiff,

-vs-                                                  Case No. 2:06-cv-57-FtM-29DNF

AMERICAN PRIDE BUILDING
COMPANY, LLC, AMERICAN PRIDE
BUILDING CO., LLC,, AMERICAN
PRIDE BUILDER, LLC, STEPHEN A.
HUMFLEET, DAWN HUMFLEET, SAL
ALLEN, FLEET LENDING GROUP, INC.,
H&B TITLE GROUP OF FLORIDA, INC.,
STEPHEN ALLAN HUMFLEET, P.A.,
XYZ CORPORATIONS, JOHN DOES,
JANE DOES,

                Defendants.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS AMENDED COMPLAINT (Doc. No. 54)** |
| **FILED:** | **January 17, 2007** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

The Defendant, H & B Title Group of Florida, Inc. ("H & B Title") moves to dismiss the Amended Complaint against it for failure to state a cause of action upon which relief may be granted. The Plaintiff, Groff Construction, Inc. ("Groff Construction") asserts that it has stated a cause of action for contributory infringement against H & B Title. Groff agrees to voluntarily dismiss Count II of the Amended Complaint as to H & B Title. On November 13, 2006, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 80) referring the Motion to Dismiss Amended Complaint (Doc. 54) to this Court.

### I. Standard for Motion to Dismiss

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. *Hughes v. United States*, 110 F.3d 765, 767 (11th Cir. 1997); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1010 (11th Cir. 1992). The Complaint must be viewed and all reasonable inferences must be made in favor of the plaintiff. *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp. 1383, 1385 (M.D. Fla. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted); *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*).

### II. Allegations in First Amended Verified Complaint

Groff Construction is in the business of designing and building homes and businesses in Lee

County, Florida. (Com.[1] ¶16). In 1996, Groff Construction created a plan known as "The Cayman Model." (Com. ¶17). Groff Construction built a number of residences from 1996 to 2001 using "The Cayman Model" plans. (Com. ¶17). On May 22, 1996, Groff Construction received a copyright registration for "The Cayman Model," a copy of which is attached to the First Amended Verified Complaint. (Com. ¶18).

Groff Construction used a model home built from "The Cayman Model" plan, and located at 5002 Lee Boulevard, Lehigh Acres, Florida as its principal place of business. (Com. ¶19). Groff Construction also used the 5002 Lee Boulevard model home in its advertising flyers and brochures. (Com. ¶20). In 2001, Groff Construction sold the 5002 Lee Boulevard building to Adams Homes of NW Florida, Inc. (Com. ¶22). Adams Homes of NW Florida, Inc. then sold the building to Stephen Humfleet. (Com. ¶24).

Groff Construction met with Stephen Humfleet and Dawn Humfleet in 2003 to discuss a business venture wherein Groff Construction would build The Cayman Model and Stephen Humfleet and Dawn Humfleet would provide the sales support and financing for the models sold. (Com. ¶25). Stephen and Dawn Humfleet became officers of Groff Construction. (Com. ¶27).

Groff Construction developed a second model, "The Cayman III" and began building this model in 2004. (Com. ¶29). Groff Construction received a copyright on the plans for this model on November 3, 2004. (Com. ¶30). Flyers for both models were located in the 5002 Lee Boulevard residence. (Com. ¶31).

---

[1] "Com." refers to the First Amended Verified Complaint for Copyrights Infringement and Unfair Competition; Injunctive Relief (Doc. 49).

In 2004, Stephen and Dawn Humfleet stopped working for Groff Construction. (Com. ¶33). Stephen and Dawn Humfleet told Groff Construction that because it was no longer able to obtain loans for new homes until the homes under construction were sold, Stephen and Dawn Humfleet were going to look for another builder or in the alternative close their business. (Com. ¶34). Groff Construction told Stephen and Dawn Humfleet that they did not have permission to build The Cayman Model or The Cayman III model and that Groff Construction held a copyright as to both of these models. (Com. ¶35).

Groff Construction contends that American Pride Building Company LLC began building model homes named "The Pioneer House I" and "The Pioneer House II" which plans were infringing on Groff Construction's copyrights. (Com. ¶37,38, 40, 41). Flyers for these models were available at 5002 Lee Boulevard and attached to these flyers were business cards for Fleet Lending with Dawn Humfleet's name on the card as well. (Com. ¶39). Eventually, Stephen Humfleet sold 5002 Lee Boulevard to Fleet Lending. (Com. ¶40).

The only allegation against H & B Title in the First Amended and Verified Complaint is that it provided title closing services for the sale of The Pioneer House I and The Pioneer House II models, and the plans for these models infringe on copyrights held by Groff Construction. (Com. ¶42). Groff Construction also alleges that Dawn Humfleet and Fleet Lending provided mortgage lending services and Stephen Humfleet, and Stephen Allen Humfleet, P.A. provided real estate broker services for the sale of The Pioneer House I and The Pioneer House II models. (Com. ¶43, 44).

### III.  Count I, Copyright Infringement

H & B Title asserts that Count I of the Amended Complaint should be dismissed against it for failure to allege sufficient facts to bind H & B Title to the alleged copyright infringement, and failed to show that H & B Title committed any act which violates the Copyright Act.  Groff Construction responds that it has alleged sufficient facts to assert a claim that H & B Title is a contributory infringer of the copyrighted works.

The language of the Copyright Act "does not expressly render anyone liable for infringement committed by another." *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 434-5 (1984).  Even though the statute does not contain express language to impose liability on a person who has not directly infringed on a copyright, vicarious liability has been imposed in many areas of the law, "and the concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another." *Id*. at 435.  A person is a contributory infringer if that person intentionally induces or encourages "direct infringement [citation omitted] and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it [citation omitted]." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 12 S.Ct. 2764, 2776  (2005).  A contributory infringer must induce, cause "or materially" contribute "to the infringing conduct of another." *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 845 (11th Cir. 1990).  The standard for knowledge of the infringement is an objective one, that the person knew or had reason to know that a copyright was being infringed. *Id*.

Groff Construction alleges that Dawn Humfleet, who is a director of H & B Title, had knowledge of the copyright infringement occurring, that  H & B Title received compensation for the

closings on the homes constructed by American Pride Building Company, LLC, and the plans for these homes infringed on the copyrights held by Groff Construction. Therefore, Groff Construction concluded that H & B Title profited from the copyright infringement.

Accepting as true that Dawn Humfleet had knowledge that the plans used for The Pioneer House I and The Pioneer House II were infringing, then Groff Construction must show that H & B Title induced, encouraged or materially contributed to the direct infringement, and that it profited from this direct infringement while not attempting to stop the infringement. *See, Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 12 S.Ct. 2764, 2776 (2005) and *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 845 (11th Cir. 1990). H & B Title provided closing services for the property. Groff Construction has failed to allege that H & B Title alone or through its director Dawn Humfleet induced or encouraged direct infringement, or materially contributed to the direct infringement of plans to The Cayman Model or The Cayman III model by another. Further the First Amended and Verified Complaint fails to allege that H & B Title or Dawn Humfleet as director of H & B Title failed to attempt to stop the infringement. Therefore, the Court recommends that Count I be dismissed against H & B Title Group of Florida, Inc.

### IV.  Voluntary Dismissal of Count II

Groff Construction states that it is voluntarily dismissing Count II of the Amended Complaint. When a Plaintiff requests leave to dismiss one claim in a multi-claim complaint, the proper method of seeking dismissal of the claim is by filing a motion to amend the complaint to delete the claim under Federal Rule of Civil Procedure 15(a) rather than Federal Rule of Civil Procedure 41(a) which provides for dismissal of an entire action. *Klay v. United Healthgroup,* Inc., 376 F.3d 1092, 1106 (11th Cir.

2004), *Boyce v. August-Richmond County*, 111 F.Supp. 2d 1363, 1374 (S.D. Ga 2000), *see also*, *Exxon Corp. v. Maryland Casualty Co.*, 599 F.2d 659, 662 (5th Cir. 1979)[2]. In this case, however, the Court recommends that Count I be dismissed against H & B Title as well, and therefore, there is no need for an amended complaint.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Motion to Dismiss Amended Complaint be granted, and Counts I and II be dismissed against the Defendant, H & B Title Group of Florida, Inc.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  18th  day of  January, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.