**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**GROFF CONSTRUCTION, INC.,**

          Plaintiff,

-vs-                                Case No. 2:06-cv-57-FtM-29DNF

**AMERICAN PRIDE BUILDING COMPANY, LLC, AMERICAN PRIDE BUILDING CO., LLC,, AMERICAN PRIDE BUILDER, LLC, STEPHEN A. HUMFLEET, DAWN HUMFLEET, SAL ALLEN, FLEET LENDING GROUP, INC., H&B TITLE GROUP OF FLORIDA, INC., STEPHEN ALLAN HUMFLEET, P.A., XYZ CORPORATIONS, JOHN DOES, JANE DOES,**

          Defendants.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' DAWN HUMFLEET AND FLEET LENDING GROUP, INC.'S COUNTERCLAIM AND THIRD PARTY COMPLAINT (Doc. No. 57)** |
| **FILED:** | June 14, 2006 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:** **MOTION TO DISMISS DEFENDANTS' STEPHEN A. HUMFLEET AND STEPHEN ALLEN HUMFLEET, P.A.'S COUNTERCLAIM AND THIRD PARTY COMPLAINT (Doc. No. 58)**
>
> **FILED:** June 14, 2006
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Groff Construction, Inc. and Michael Groff are requesting that the Court dismiss Defendants' Stephen A. Humfleet and Stephen Allen Humfleet P.A.'s Counterclaims and Third Party Complaint, and Dawn Humfleet and Fleet Lending Group, Inc.'s Counterclaims and Third Party Complaint. Dawn Humfleet and Fleet Lending Group, Inc. filed a Response (Doc. 61) to the Motion to Dismiss and Stephen A. Humfleet and Stephen Allen Humfleet P.A. filed a Response (Doc. 63) to the Motion to Dismiss. On November 13, 2006, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 80) which referred the Motions to Dismiss to this Court. The arguments in the two Motions to Dismiss raise similar legal arguments and these legal arguments will be addressed together unless otherwise stated.

**I. Standard for Motion to Dismiss**

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. *Hughes v. United States*, 110 F.3d 765, 767 (11th Cir. 1997); *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1010 (11th Cir. 1992). The Complaint must be viewed and all reasonable inferences must be made in favor of the plaintiff. *Sawinski v. Bill Currie Ford, Inc.*, 866 F.Supp. 1383, 1385 (M.D. Fla. 1994). A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957) (footnote omitted); *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*).

## II. Allegations in Counterclaims and Third Party Claims[1]

Dawn Humfleet ("D. Humfleet") is a mortgage broker for residential and commercial real estate transactions primarily in Lee County, Florida. (Doc. 56, ¶7). Fleet Lending Group, Inc. ("Fleet Lending") owns the model home which is the subject of the Counterclaim and Third Party Claim. (Doc. 56, ¶20). Stephen Humfleet is a real estate agent, and the President of Stephen Allan Humfleet, P.A. (collectively "Humfleet"). (Doc. 24, ¶2, 7). Michael Groff is the president of Groff Construction, Inc. (collectively "Groff"). (Doc. 56, ¶4; Doc. 24, ¶4). In 2003, Groff contacted D. Humfleet and Humfleet urging them to purchase the model home located at 5002 Lee Blvd., Lehigh Acres, Florida which was owned by Adams Construction, Inc. (Doc. 56, ¶9; Doc. 24, ¶9). Groff proposed a business deal by oral contract with Humfleet and D. Humfleet, wherein Humfleet would serve as a real estate agent and D. Humfleet would serve as a mortgage broker and provide loans to purchasers of homes built by Groff. (Doc. 56, ¶10, 11; Doc. 24, ¶10, 11). Groff would operate his business out of the model home purchased by Humfleet. (Doc. 56, ¶10). D. Humfleet and Humfleet were to train Groff's son in real estate related matters, and they were to become Vice Presidents of Groff Construction and receive compensation . (Doc. 56, ¶12, 13, 14; Doc. 24, ¶12, 13, 14). D. Humfleet and Humfleet accepted Groff's offer and purchased the model home at issue. (Doc. 56, ¶16, Doc. 24, ¶16). In September 2004, Groff left the venture. (Doc. 56, ¶18; Doc. 24, ¶18). Groff did

---

[1] The factual allegations in the two Counterclaims and Third Party Claims are very similar and the Court will combine them, but cite to each Counterclaim separately.

not object to D. Humfleet using the model home with another builder, and never indicated that the model design was covered by a copyright. (Doc. 56, ¶19; Doc. 24, ¶19). In November 2004, Fleet Lending was added to the title of the real property where the model home is situated, and continues to own the model. (Doc. 56, ¶20, Doc. 24, ¶22). Groff advertises its business by using photographs of the subject model home owned by D. Humfleet, Humfleet, and Fleet Lending, but the advertisements do not acknowledge D. Humfleet, Humfleet or Fleet Lending. (Doc. 56, ¶21, 22; Doc. 24, ¶23, 24). D. Humfleet, Humfleet nor Fleet Lending authorized Groff to use a photograph of the model for advertisement purposes. (Doc. 56, ¶23, Doc. 24, ¶25).

The Defendants allege the following claims in their Counterclaims: Count I, a claim for false designation of origin and false description; Count II, a claim for false advertising under §43(a) of the Lanham Act, 15 U.S.C. §1125; and Count III, a claim for breach of oral contract.

### III. Analysis

Groff asserts that since 1996, it is the owner of a copyright registration for The Cayman Model which was build at 5002 Lee Boulevard, Lehigh Acres, Florida in 2001. Groff used this model home for his business, but sold it in September 2001 to Adams Homes of NW Florida, Inc. Adams Homes then sold it to Humfleet, who later sold it to Fleet Lending Group, Inc. Groff is using a photograph of The Cayman Model on his website.

#### A. Counts I and Count II

Groff asserts that Counts I and II of the Counterclaim should be dismissed for failure to state a cause of action. Groff asserts the same arguments for both of these Counts, therefore, the Court will

analyze them together. Groff argues that as the copyright owner, he has the exclusive right to reproduce the work, to prepare derivative work, to distribute copies of the work for sale or other transfer of ownership, or by rental, lease or lending and to display the copyrighted work publicly citing to 17 U.S.C. §106. Groff further argues that the owner of a copyright has the exclusive right to publish, copy and distribute his work pursuant to 17 U.S.C. §107. Groff also cites to Section 3(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and 17 U.S.C. §202 for the proposition that an author and owner of a copyright has the exclusive right to display its copyrighted work. Humfleet, D. Humfleet, and Fleet Lending assert that copyright protection does not extend to a physical object, in this case, the model home.

> Pursuant to 17 U.S.C. §106, a copyright owner
> 
> has the exclusive rights to do and to authorize any of the following:
>     (1) to reproduce the copyrighted work in copies or phonorecords;
>     (2) to prepare derivative works based upon the copyrighted work;
>     (3) to distribute copies or phonorecords of the copyrighted work to the public
> by sale or other transfer of ownership, or by rental, lease, or lending;

However, 17 U.S.C. §202, provides as follows concerning the distinction between ownership of a copyright and ownership of a material object:

> Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is embodied. Transfer of ownership of any material object, including the copy or phonorecord in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object; nor, in the absence of an agreement, does transfer of ownership of a copyright or of any exclusive rights under a copyright convey property rights in any material object.

The rights conferred by the copyright statute are "intangible, intellectual property, not tangible property." *Rhein Bldg Company v. Gehrt*, 21 F.Supp.2d 896, 902 (E.D. Wis. 1998) (citing 17, U.S.C. §106, and *Robert Bowden, Inc. v. Aetna Casualty and Surety Company*, 977 F.Supp. 1475, 1478-79

(N.D. Ga. 1997). A copyright is independent of any physical manifestation. *Rein Building Company v. Gehrt*, 21 F.Supp.2d at 902. "The ownership of a copyright or rights thereunder are distinct from ownership of the material object in which the copyrighted work is embodied." *Id*. at 902-3. The owner of a copyright is vested with certain rights in the drawing as provided by 17 U.S.C. §106. *Donald Frederick Evans and Assocs., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 901, n. 7 (11th Cir. 1986). The purpose of architectural drawings is to instruct a builder on how to proceed with construction. *Id*. "The copyrighted drawings do not, however, 'clothe their author with the exclusive right to reproduce the dwelling pictured.'" *Id*. (quoting *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 899 (5th Cir. 1972)). A copyright owner may not prevent photographs of an architectural work once it has been constructed as long as the building is located in a public place. 1-2 *Nimmer on Copyright* §2.20.

Groff argues that based upon his ownership of a copyright of the architectural drawings of The Cayman Model he has the exclusive right to use a photograph of The Cayman Model. Groff is correct that the statutes do confer rights to a copyright owner, however, these rights are to the copyrighted plans and not to the embodiment of the work. Pursuant to the statutes and case law, Groff's alleged ownership of the copyright to the architectural work of The Cayman Model does not confer upon him the exclusive right to use a photograph of the embodiement of the architectural work. Therefore, the Motions to Dismiss Counts I and II of the Counterclaims and Third Party Complaints should be denied.

### B. Count III

Groff asserts that Count III for breach of contract should be dismissed for failure to state a claim on which relief can be granted. Groff argues that the elements of a binding contract have not

been plead with certainty. Groff claims that D. Humfleet, Fleet Lending, and Humfleet make bald assertions that they were to receive 50% of the profits, but profits was not clearly defined. Further, Groff argues that the Defendants did not state the specific terms of the business venture. The Defendants respond that the elements alleged are sufficient.

Pursuant to Fed.R.Civ.P. 8(a)(2), a claim for relief "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must contain only "'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 337 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations in the Counterclaim must be sufficient to allow Groff to conduct discovery as to their proof. *McReynolds v. Alabama Dept. of Youth Services*, 2006 WL 3147283 (11th Cir. 2006) (quoting *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579-80 (11th Cir. 1986)).

The elements of a contract are offer, acceptance, and consideration, and a meeting of the minds. *Med-Star Cent., v. Psychiatric Hospitals of Hernando County*, 639 So.2d 636 (Fla. 5th DCA 1994), *Jerome v. William A. Reid Const. Ltd*. 307 So.2d 248, 252 (Fla. 4th DCA 1975). The Defendants allege that Groff made an offer regarding a business opportunity, the Defendants accepted the offer, and the Defendants expended time, money and effort in advancing the business venture. The Defendants have alleged all of the elements of a contract and complied with Fed.R.Civ.P. 8(a). Therefore, the Motions to Dismiss should be denied as to Count III of the Counterclaims.

### IV. Conclusion

The Court respectfully recommends that the Motion to Dismiss Dawn Humfleet and Fleet Lending Group, Inc.'s Counterclaim and Third Party Complaint (Doc. 57) and the Motion to Dismiss

Defendants' Stephen A. Humfleet and Stephen Allen Humfleet, P.A.'s Counterclaim and Third Party Complaint be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __22nd__ day of January, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record