UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GROFF CONSTRUCTION, INC.,

        Plaintiff,

vs.                          Case No. 2:06-cv-57-FtM-29DNF

AMERICAN PRIDE BUILDING COMPANY, LLC, AMERICAN PRIDE BUILDING CO., LLC,, AMERICAN PRIDE BUILDER, LLC, STEPHEN A. HUMFLEET, DAWN HUMFLEET, SAL ALLEN, FLEET LENDING GROUP, INC., H&B TITLE GROUP OF FLORIDA, INC., STEPHEN ALLAN HUMFLEET, P.A., XYZ CORPORATIONS, JOHN DOES, JANE DOES,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant H & B Title Group of Florida, Inc's Motion to Dismiss Amended Complaint (Doc. #54), filed on May 17, 2006. Pursuant to an order of reference (Doc. #80), a Report and Recommendation (Doc. #85) was prepared by the assigned magistrate judge recommending that the motion be granted.[1] Plaintiff filed its Objections (Doc. #88) on January 30, 2007. The Court reviews the motion *de novo*.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury,

---

[1] At page one, the Report and Recommendation misstates the date the motion was filed as January 17, 2007. This portion is not adopted by the Court.

536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005).

The Court agrees with the Report and Recommendation that the First Amended Complaint fails to allege a cause of action in Count I as to H & B Title Group of Florida, Inc. (H & B Title). The allegations that H & B Title conducted title closings from which it secured economic benefits involving Infringing Works which "Defendants" willfully and knowingly copied (Doc. #49, ¶ 49) is insufficient to state a claim of contributory infringement as to H & B Title. Paragraph 52 asserts that H & B Title continued to infringe by conducting title closings, but is based on "the acts alleged above," thus adding nothing new to the factual allegations concerning H & B Title. Count II will be dismissed pursuant to plaintiff's voluntary dismissal of that count.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #85) is accepted and **adopted** by the Court, and plaintiff's objections are overruled.

2. Defendant's H & B Title Group of Florida, Inc.'s Motion to Dismiss (Doc. #54) is **GRANTED**, and the First Amended Complaint (Doc. #49) is **dismissed without prejudice** as to defendant H & B Title Group of Florida, Inc.

**DONE AND ORDERED** at Fort Myers, Florida, this  5th  day of February, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
Counsel of record